Dear Mr. Moseley:
This opinion is in response to a question asked by your assistant, Ms. Kandice Johnson, as follows:
 In light of Sec. 483.617 RSMo, does the county have responsibility for paying court costs in misdemeanor cases. In particular does the county now have responsibility for paying witness fees and sheriff [of another county] fees in the following circumstances:
 a) dismissal of a misdemeanor case b) conviction of a misdemeanor case c) acquittal of a misdemeanor case
Section 483.617, RSMo, as enacted by House Bill No. 1634 of the 79th General Assembly, provides:
 Notwithstanding the provisions of sections 483.530, 483.550, 483.610, 483.615, 550.030, 550.040 and 550.090, RSMo, and any other provisions of law, if any criminal case be dismissed after August 13, 1978, no fees shall be chargeable against the counties or the city of St. Louis upon such dismissal.
Section 483.617 became effective August 13, 1978, pursuant to § B.4 of House Bill No. 1634.
Two of these sections referred to in § 483.617, sections 483.610 and 483.615 were repealed by House Bill No. 1634, effective January 2, 1979. Both sections referred to certain clerk's fees in the magistrate court and the reporting of such fees.
Section 483.617, as originally introduced by House Bill No. 1634 but not as truly agreed to and finally passed and therefore not effective, provided:
 1. Notwithstanding the provisions of sections 483.610 and 483.615 and any other provision of law, during the time of the effectiveness of this section if a criminal case has been pending before a magistrate on the effective date of this section for a period of more than six months and the case is dismissed by the magistrate while this section is effective, no fees provided in section 483.610 shall be chargeable against the counties or the city of St. Louis upon such dismissal.
 2. This section shall terminate January 1, 1979.
We have recited the provision of § 483.617 as it was introduced in order to show some legislative history of this section which should be of help to us in determining the effect of the provisions finally adopted.
Section 483.617, as enacted into law, in addition to containing the reference to the two repealed sections, 483.610 and 483.615, also refers to five other sections and "any other provisions of law." Sections 483.530 and 483.550, which are referred to, provided for certain fees of certain clerks of the circuit court, which we will not enumerate here. Both of these sections were repealed by House Bill No. 1634, and new sections bearing the same numbers having little or no continuity with such repealed sections were enacted by House Bill No. 1634, effective January 2, 1979.
Section 550.030, also referred to, is one of the three sections cited from the chapter relating to costs in criminal cases. Specifically, it provides that when the defendant is sentenced to imprisonment in the county jail, or to pay a fine, or both, and is unable to pay the costs, the county in which the indictment was found or information filed shall pay the costs, except such as were incurred on the part of the defendant. Likewise, § 550.040, also referred to in such section, provides that in all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the state; and in all other trials on indictments or information if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found or information filed, except when the prosecutor shall be adjudged to pay them or it shall be otherwise provided by law.
Section 550.090, also referred to in § 483.617, also provides for the payment of costs by the county in certain cases resulting in discharge or acquittal.
It seems clear that the provisions of § 483.617, as enacted, literally relate solely to criminal cases which are "dismissed" after August 13, 1978, and provide that "no fees shall be chargeable against the counties or the city of St. Louis upon such dismissal." It seems obvious that §§ 550.030, 550.040 and 550.090
have provisions which refer to costs on acquittal and costs on conviction in criminal cases. It is also clear however that a "dismissal" of an action, as the term is used in § 483.617, is not the same as a conviction or an acquittal.
In light of the legislative history of § 483.617 we are of the view that the term "dismissal," as used in such section, must be narrowly construed so as to include only those criminal actions "dismissed" before the defendant is in jeopardy.
While we are of the view that some meaning should be given to the provisions of § 483.617, it is nevertheless our view that the effect of such section must be limited to such criminal case dismissals and cannot be extended to nullify the other provisions of statutes relating to costs upon conviction or acquittal such as those cited therein, §§ 550.030, 550.040 and 550.090, because the constitutional process does not allow the repeal of such provisions of such sections by mere reference. In light of the constitutional requirements respecting the legislative process, it is our view that § 483.617 must be narrowly construed and as so construed must be limited to cases "dismissed" and that the reference to other sections therein respecting costs on conviction and costs on acquittal are of no effect.
CONCLUSION
It is the opinion of this office that § 483.617, as enacted by House Bill No. 1634 of the 79th General Assembly, refers only to fees chargeable against the county upon dismissal of criminal cases and is ineffective insofar as it purports to nullify provisions of statutes relative to costs in criminal cases resulting in conviction or acquittal.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General